## Mitchell *v.* Speicher, Appellant.

*Landlord and tenant—Oral lease—Term—Case for jury.*

In an action of assumpsit by a landlord to recover rent claimed to be due under an oral lease, the evidence was conflicting, as to whether the lease was for three years or from month to month, and as to whether it was made more than three years prior to the date of its expiration.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

*Appeals—Judgment n. o. v.—Duty of Appellate Court—Act of April 22, 1905, P. L. 286.*

On an appeal from the action of the trial court in overruling defendant's motion for judgment non obstante veredicto, it is the duty of the appellate court to enter such judgment as is warranted by the evidence taken in the court below.

Argued April 15, 1926. Appeal No. 166, April T., 1926, by defendant, from judgment of C. P. Somerset County, May T., 1925, No. 406, in the case of Nora A. Mitchell v. Pius M. Speicher. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Judgment modified.

Assumpsit to recover rent claimed to be due under an oral lease. Before BERKEY, P. J.

30, (1926).]    Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1678.43. Defendant appealed.

*Error assigned,* among others, was the refusal of defendants motion for judgment n. o. v.

*Joseph Levy,* and with him *Charles W. Walker,* for appellant.

*Norman T. Boose* of *Boose & Boose,* and with him *W. Curtis Truxal,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1926:

This is an appeal from the action of the Court of Common Pleas of Somerset County overruling appellant's motion for judgment n. o. v. and directing judgment to be entered upon a verdict recovered by the appellee against appellant in an action of assumpsit brought by her to recover certain rentals alleged to be due by reason of the occupancy by appellant of certain rooms in a hotel building located in the Borough of Somerset, Pa.

At the trial the defendant, appellant herein, submitted a point for binding instructions which was declined by the trial court and the jury having rendered a verdict for the full amount of plaintiff's claim of $1600 and interest to the amount of $78.43, a motion was duly made by appellant for judgment in his favor upon the whole record. The only question raised by the assignments of error is whether the trial court erred in declining appellant's point for binding instructions and in overruling his motion for judgment n. o. v. Upon this appeal it becomes our duty to review the action of the court below and enter such judgment as shall be warranted by the evidence taken in that court, (Act of April 22, 1905, P. L. 286). From

that evidence it appears that the relations between appellee and appellant as landlord and tenant began about January 1, 1920, when appellee leased three rooms in the basement of said hotel to appellant at a rental of $50 per month. Appellee claims that this lease for these rooms was a lease from month to month and appellant that it was a lease for three years with an option of renewal for two additional years, but the question relative to the proper construction of this lease is not material to the disposition of the issue arising in this case.

On May 1, 1920, appellant leased from appellee an additional room in said hotel known as the bar-room at a rental of $62.50 per month for said room, making a total rental from that date of $112.50 per month. On or about June 1, 1922, certain transactions occurred between the parties which gave rise to the present controversy. Appellee contended that in the early part of June she and the appellant entered into a parol lease of the four rooms in question for a term of three years from the first day of June, 1922, at a rental of $175 per month and the cost of lighting "just as the meter read."

Appellant contended on the other hand that the agreement then made did not in any way affect his original lease for the three rooms first above mentioned but that he agreed to pay $125 per month rental for the bar-room and that the lease for this room was a lease from month to month. Appellant further contended that the negotiations in 1922 were consummated prior to June 1st of that year and that the lease as contended for by appellee would therefore be within the statute of frauds and would have the force and effect of a lease at will only.

The total rental of $175 a month was paid up to February 1, 1923, since which date no rental has been paid although appellant tendered his check for $50

each month up to January 1, 1924, which checks were refused by appellee. The appellant contended that of the total monthly rental of $175 paid to February 1, 1923, $125 was for the bar-room and $50 for the original three rooms under the original lease of January 1, 1920, and appellee contended that said rental was paid under the alleged three-year lease made in June, 1922, for all four rooms. Appellant vacated the bar-room on February 1, 1923, and testified that he gave notice of his intention to so vacate on January 1, 1923. The bar-room remained vacant until July 1, 1923, on which date appellee leased it to another tenant at a rental of $75 per month. On January 1, 1924, appellant vacated the other three rooms. Appellee's claim was made up as follows: Five months rental from February 1, 1923, to July 1, 1923, at $175 per month, or $875; loss by reason of decrease in rental received from July 1, 1923, to January 1, 1924, of $100 per month for a period of six months, $600; and an item of $125 for electric current used by appellant; making a total claim of $1600.

The trial judge submitted to the jury the question of fact whether the alleged parol lease of June 1, 1922, had actually been made prior to June 1st of that year, and instructed them that if they so found it would be a parol lease for more than three years from the date of its making and that the appellee could not recover thereunder. The jury found in favor of the appellee on this question of fact and there was evidence to sustain this finding. This finding of the jury and the evidence upon which it was based supports the first and second items in appellee's claim.

Upon a review of all the evidence we fail to find anything tending to show the amount of electric current used by appellant and paid for by appellee or the rates at which such current was furnished. We are therefore unable to find any evidence in the case entitling the appellee to recover the above mentioned third item

in her claim, viz., $125 for electric current, and the judgment must be modified accordingly.

The assignments of error are sustained to the extent indicated in the foregoing opinion and the judgment is modified by striking therefrom the item of $125 for electric current, and judgment is now entered in favor of the appellee and against the appellant for the sum of $1475 with interest from January 1, 1924.